UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: LARI GRAHAM BOLLINGER and                               No. 13-10-13688 JR
       PAM KAY BOLLINGER,

       Debtors.

## ORDER CONDITIONING AUTOMATIC STAY

THIS MATTER is before the Court on a Motion for Relief from the Automatic Stay and for the Abandonment of Property to EverHome Mortgage Company ("Motion for Relief from Stay"). The Court held a final hearing on the Motion for Relief from Stay on April 5, 2011 in Roswell, New Mexico, and took the matter under advisement. EverHome Mortgage Company ("EverHome") appeared at the final hearing through its counsel of record, Little & Dranttel, P.C. (Timothy J. Murphy), and Lari Graham Bollinger appeared, *pro se.* After consideration of the evidence presented at the final hearing, and being otherwise sufficiently informed, the Court finds that cause exists to modify the automatic stay if certain conditions are not satisfied. Consequently, the Court will condition the continuation of the stay as set forth below.

FACTS

1. EverHome is the holder of a note dated February 6, 2006 executed by the Debtors in the principal amount of $40,000 (the "Note").

2. The Note is secured by a mortgage dated February 6, 2006 (the "Mortgage") on certain real property located at 1610 South Globe Ave., Portales, New Mexico ("Property").

3. The regular monthly payments due under the Note and Mortgage consist of principal and interest in the amount of $279.69, plus an escrow component consisting of the insurance premium for a homeowners' insurance policy and estimated property taxes.

4. EverHome sued the Debtors in the Ninth Judicial District Court for the State of New Mexico, Roosevelt County ("State Court") as Case No. D-911-CV-2009-00222 to foreclose the Note and Mortgage ("State Court Action").

5. EverHome obtained a Summary Judgment, Default Judgment and Order of Foreclosure Sale in the State Court Action ("Judgment"). The Judgment authorized the sale of the Property by special master.

6. A special master's sale of the Property was conducted pursuant to the Judgment.

7. Debtors filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on July 23, 2010, before the State Court approved the special master's sale of the Property.

8. The State Court did not consider approval of the special master's sale of the Property as a result of the automatic stay arising upon the filing of the Debtors' bankruptcy petition.

9. The Debtors were in default of the payments due under the Note and Mortgage as of the date they filed their voluntary bankruptcy petition.

10. Post-petition, the Debtors made two payments to EverHome: 1) a payment of $280.00; and 2) a payment of $20.00. EverHome credited these payments to fees and to the escrow account. *See* Exhibit 6.

11. Debtors have failed to make any other post-petition payments due under the Note and Mortgage.

12. The Property was covered by a homeowners' insurance policy from The Hartford Insurance Company (the "Hartford Policy").

13. The Hartford Policy was renewed in late 2009 for a renewal period effective February 6, 2010 to February 6, 2011. *See* Docket No. 47.

14. During the course of the bankruptcy case, the Debtors insisted that the Hartford Policy had been cancelled, yet EverHome, through its attorneys of record, represented to the Court and to the Debtors that the Debtors were mistaken, that the homeowners' insurance coverage under the Hartford Policy remained in force, that it paid the insurance premium for the Hartford Policy through February 6, 2011, and that the Hartford Policy had not been cancelled.

15. Based on these representations by EverHome, on December 22, 2010 the Court entered an Order Resulting from Status Conference on EverHome Mortgage Company's Motion for Relief from Stay ("Order Regarding Insurance").

16. The Order Regarding Insurance provided, in part, that

> based on EverHome's representations and the Debtors' reliance on those representations, that EverHome will be financially responsible for any losses or other triggering event that would have been covered by the homeowners insurance had it not been cancelled, in the event that the coverage has been terminated, until such time as coverage is reinstated through at least February 6, 2011.

17. A letter from The Hartford Insurance Company to EverHome, dated December 27, 2010, reflects that coverage under The Hartford Policy ended as of September 23, 2010. *See* Exhibit 11.

18. EverHome purchased lender-placed insurance on the Property from American Security Insurance Company ("Lender Policy"). A copy of the Additional Insured Endorsement from the Lender Policy reflects a policy date of February 20, 2011, with an effective date of September 23, 2010 and an expiration date of September 23, 2011. *See* Exhibit 12. There is no evidence before the Court of any other insurance policy in effect covering the Property.

19. The Lender Policy has a policy limit of $138,000, and covers only buildings and structures. *Id.*

20. On or about February 4, 2011, the plumbing pipes in the Property froze, burst, and caused damage to the Property.

21. Subsequent to the freeze, the Property was damaged by fire.

22. Mr. Bollinger testified that the damage included a substantial loss of personal property located within the dwelling on the Property.

23. As of the date of the final hearing on the Motion for Relief from Stay, the Property had not been inspected by an insurance adjuster.

24. The Debtors set aside funds to make payments due under the Note and Mortgage for a period of time post-petition, but because the damage to the Property caused them to incur additional expenses they are not now in a position to cure the post-petition amounts due under the Note and Mortgage in a lump sum payment.

## DISCUSSION

Relief from the automatic stay is governed by 11 U.S.C. § 362(d), which provides, in relevant part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> (2) with respect to a stay of an act against property under subsection (a) of this section, if –
> (A) the debtor does not have an equity in such property; and
> (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d). Because relief under this section includes terminating, annulling, modifying or conditioning the stay, the bankruptcy court enjoys "wide latitude in crafting relief from the automatic stay." *In re Delaney-Morin,* 304 B.R. 365, 369 (9th Cir. BAP 2003). "Conditional orders are expressly

4

contemplated by [11 U.S.C. ] § 362(d) and absolutely crucial to the administration of bankruptcy cases in a varying range of circumstances." *In re Derringer*, 375 B.R. 903, 911-12 (10th Cir. BAP 2007). "Cause" for relief from the automatic stay under 11 U.S.C. §362(d) is "a separate discretionary basis on which the bankruptcy court may lift the stay." *Carbaugh v. Carbaugh (In re Carbaugh),* 278 B.R. 512, 525 (10th Cir. BAP 2002). Ultimately, because the Bankruptcy Code does not further define "cause," the Bankruptcy Court must make a discretionary determination of whether to grant relief from the automatic stay on a case-by-case basis.[1]

EverHome seeks relief from the automatic stay so that it can complete its foreclosure action and obtain an order confirming the pre-petition foreclosure sale of the Property. In its Motion for Relief from Stay, EverHome alleged that the Debtors are in default under the Note and Mortgage, including failure to make both pre- and post-petition mortgage payments, that there is no equity in the Property, that the Debtors cannot offer adequate protection, and that the Property "may be burdensome to the estate and may be of no consequential value and benefit to the estate." *See* Motion for Relief from Stay (Docket No. 21). EverHome did not present evidence regarding the value of the Property. EverHome seeks relief from the automatic stay based on the Debtors' pre- and post-petition arrearages under the Note and Mortgage, the damage to the Property, and the commencement of the bankruptcy case on the eve of consummation of a foreclosure sale.

An ongoing post-petition default in a debtor's payment of the regular mortgage payments can constitute sufficient cause for relief from the automatic stay.[2] Once a creditor makes an

---

[1] *Pursifull v. Eakin,* 814 F.2d 1501, 1506 (10th Cir. 1987). *See also, In re Avila,* 311 B.R. 81, 83-84 (Bankr.N.D.Cal. 2004)("Exercising discretion in determining cause for stay relief requires the balancing of hardships and consideration of the totality of the circumstances.")(citing *In re Kennedy,* 165 B.R. 488, 490 (Bankr.W.D.Wash. 1994)).

[2] *In re Binder,* 224 B.R. 483, 491 (Bankr.D.Colo. 1998)(finding that cause existed to grant creditor relief from the automatic stay based on debtor's default in post-petition monthly payments with no current ability to cure, no equity,

5

initial showing that cause exits to grant relief from the stay[3], the burden shifts to the debtors to establish that they are entitled to continuation of the automatic stay.[4]

In this case, EverHome has demonstrated that: 1) the Debtors have failed to make post-petition payments due under the Note and Mortgage, except for payments of $280.00 and $20.00 in September of 2010; 2) the Debtors are unable at the present time to bring those payments current; and 3) the value of the Property has likely declined post-petition due to the freezing pipes and subsequent fire. Such evidence suggests that EverHome has made an initial showing of cause for relief from the automatic stay under 11 U.S.C. § 362(d). However, other evidence presented by the Debtors at the final hearing and the record of this case mitigate in favor of conditioning a grant of relief from the automatic stay.

Whether and to what extent insurance will cover the damage to the Property and its contents has not been determined. It is possible that insurance proceeds will be sufficient to cure both pre- and post-petition defaults under the Note and Mortgage and leave EverHome fully secured. Further, the Order Regarding Insurance obligates EverHome to accept responsibility for any losses or other triggering event that would have been covered by the Hartford Policy through February 6, 2011. Under these circumstances, the Court finds that the automatic stay should

---

and no demonstration that the property is necessary to the performance of her Chapter 13 plan); *In re Delaney-Morin,* 304 B.R. 365, 369 (9th Cir. BAP 2003)(acknowledging that "post-petition defaults . . . could be cause to grant relief from the automatic stay if proven by competent evidence or if contested after proper notice.")(citation omitted); *In re Ellis,* 60 B.R. 432, 435 (9th Cir. BAP 1985)(affirming bankruptcy court's determination that the debtor's failure to make post-petition payments constituted "cause" for lifting the automatic stay); *Avila,* 311 B.R. at 83 ("It is true that post-petition defaults may constitute cause for relief from stay.")(citations omitted); *In re James River Associates,* 148 B.R. 790, 797 (E.D.Va. 1992)(observing that a continued failure to make post-petition monthly payments can constitute cause for granting relief from the automatic stay, but that, typically, cause for relief will exist only when the continuing post-petition default "corresponds with a nonexistent equity cushion.")(citing *In re Kerns,* 111 B.R. 777, 790 (S.D.Ind. 1990)).

[3] *See In re Webber,* 314 B.R. 1, 5 (Bankr.N.D.Okla. 2004)(stating that "under Section 362(d)(1), the moving party has the burden of going forward with an *initial showing of cause*.")(citation omitted)(emphasis in original).

[4] *See* 11 U.S.C. § 362(g)(2). *See also, Webber,* 314 B.R. at 5 ("If the If the movant satisfies its initial burden of showing cause, the burden shifts to the debtor to produce evidence that the creditor's collateral is not declining in value or that the creditor is adequately protected either through payments, an equity cushion, additional or replacement liens, or good prospects for a successful reorganization.")(citation omitted).

remain in place pending further order of the Court, conditioned upon the Debtors making regular monthly payments of principal and interest in the amount of $279.69 beginning with the payment due May 1, 2011, and further conditioned upon the Debtors providing access to the Property for inspection by an agent for EverHome and an agent for American Security Insurance Company. To protect EverHome's insured interest in the Property and any insurance proceeds, and to assess and document the extent of the damage, access to the Property is required despite the Debtors' assertion that the Lender Policy's retroactive effective date is invalid because the issue date of the Policy is a date after the loss occurred.

In conditioning the automatic stay in this fashion, the Court recognizes that the payments are not equal to the monthly payments that would otherwise be due under the terms of the Note and Mortgage, which provides for an insurance and property tax component.[5] However, any plan that the Debtors propose in this Chapter 13 case remains subject to the requirements of 11 U.S.C. §1322(b).[6]

WHEREFORE, IT IS HEREBY ORDERED that the Motion for Relief from Stay is DENIED, conditioned as follows:

1. The Debtors shall begin making monthly payments to EverHome of $279.69, representing principal and interest due under the Note and Mortgage, on or before May 1, 2011, and on or before the first day of each month thereafter.

2. Debtors shall send the monthly payments due under the terms of this Order to:

    EverHome
    Attn: Default Cash
    8100 Nations Way
    Jacksonville, Florida 32256

---

[5] Because coverage under the Hartford Policy ended in September of 2010, the amount of the insurance portion of the monthly payment due under the Note and Mortgage is not clear.

[6] Under 11 U.S.C. § 1322(b)(2) a debtor may not confirm a plan that modifies the rights of a creditor with a claim that is secured only by the debtor's principal residence, except as provided by 11 U.S.C. § 1322(b)(5), 11 U.S.C. § 1322(c), or 11 U.S.C. §1322(e). For secured claims for which the last payment is due after the plan completion date, a plan must provide that the debtor will maintain the regular post-petition payments during the pendency of the Chapter 13 case. 11 U.S.C. §1322(b)(5).

3. EverHome shall credit the monthly payments made under the terms of this Order to principal and interest due under the Note and Mortgage.

4. EverHome shall give Debtors a 14-day written notice to cure any payment not timely made in accordance with this Order. The 14-day cure period shall begin on the date that the notice is mailed by first class United States mail, postage prepaid, addressed to:
   > Lari Graham Bollinger
   > Pam Kay Bollinger
   > 1610 South Globe Avenue
   > Portales, NM 88130

   or to such other address requested by the Debtors in a writing mailed to Timothy J Murphy, Little & Dranttel, PC, 7430 Washington Street NE, Albuquerque, NM 87109 and filed of record in this bankruptcy case.

5. The Debtors shall make the Property available for inspection during customary business hours by a representative of EverHome within three days of receipt of written request.

6. The Debtors shall make the Property available for inspection by a representative from American Security Insurance Company within three days of receipt of written request.

7. Should the Debtors fail to comply with the conditions set forth in this Order, either by failing to timely cure a late payment or by failing to make the Property available for inspection, EverHome may file an Affidavit of Default accompanied by a request for hearing on whether to grant relief from the automatic stay based on a failure to comply with the terms of this Order.

ORDERED FINALLY, that the Court will consider the stay relief issue further after the extent of any award of insurance proceeds is determined as a result of the damage to the Property and its contents.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: April 12, 2011

COPY TO:

Lari Graham Bollinger           Timothy J. Murphy
Pam Kay Bollinger               Attorney for EverHome
1610 South Globe Avenue         7430 Washington Street, NE
Portales, NM 88130              Albuquerque, NM 87109